Robert Wisniewski
Robert Wisniewski P.C.
225 Broadway, Suite 1020
New York, New York 10007
212-267-2101
Attorney for Creditors

------------------------------------------------------X    UNITED STATES BANKRUPTCY COURT
                                                            DISTRICT OF NEW JERSEY
In re:
                                                                  Chapter 7

EXCLUSIVE DETAILING, INC.,
                                                            **Case No. 16-19065 (MBK)**
                            Debtors.
------------------------------------------------------X

# DECLARATION OF ROBERT WISNIEWSKI, ESQ IN SUPPORT OF MOTION TO WITHDRAW AS CREDITORS' COUNSEL

Robert Wisniewski, an attorney licensed to practice in the State of New Jersey and a member of the Bar of this Court, hereby declares under the penalty of perjury the following to be true:

1.  I am the attorney representing the Creditors in this case. As such, I am fully familiar with the facts and circumstances to the extent set forth below. I make this declaration in support of my motion for an order: (a) allowing me to withdraw from representing Creditors: Marcio Ribeiro, Diego Batista-Santos, Giancarlo Batista-Santos, Ivonaldo Brito-Andrade, and Claudio Ricardo Da Costa Menezes (collectively, Creditors) because of the irretrievable breakdown in the client-attorney relationship; (b) granting my firm a charging lien on any potential recovery by Creditors; (c) granting Creditors reasonable time to find a new attorney and staying this matter in the meantime; and (d) providing such other and further relief as the Court deems just and proper.

2.  Debtors' counsel, Bruce Levitt, advised that Debtors are not opposing my

application to withdraw from representing Creditors. I sought Mr. Levitt's consent prior to his filing of the motion to expunge the claims of Creditors.

3. Creditors originally brought an action on December 1, 2015 in the Eastern District of New York against Debtors to recover unpaid wages, unpaid overtime wages, liquidated damages, and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq*.) and the various wage orders promulgated by the U.S. Department of Labor and codified at 29 C.F.R. § 552 *et seq.* ("FLSA"), as well as the New York Labor Law and the wage orders promulgated thereunder. The matter was styled Ribeiro et al. v. Exclusive Detailing et al., Docket No. 15-cv-6834 ADS-ARL (the "Wage Action").

4. Creditors credibly alleged in the Wage Action that they had worked for Debtors' car detailing business as detailers and other workmen and that Debtors evaded both federal and state law wage laws in failing to pay them for all hours they worked and for overtime. Debtors were properly served with process in the Wage Action.

5. Instead of opposing the Wage Action, on February 24, 2016, Debtors filed a voluntary petition under Chapter 7.

6. I protected Creditors' interests by filing an Adversary Proceeding in this Court and filed proofs of claims in the underlying bankruptcy. Initially, I experienced no difficulty in Creditors' cooperation with me. My clients were responsive to my calls and were cooperative and I attempted to protect their interests.

7. I met with all my clients on November 16, 2016 to discuss the situation. I reminded them that under the retainer agreement they had signed with me, I prosecuted the Wage Action on a contingency fee basis but when Defendants in a Wage Action filed for bankruptcy, my firm would have to be paid on an hourly basis. So I detailed my firm's work in the

bankruptcy court and advised them that they would have to start paying my firm's fees. While my clients advised me that they understood what they needed to do, I noted that none of them offered to pay his share of my firm's invoices.

8. I subsequently had a telephone conference with all my clients in February of 2017, in which I discussed not only the status of the case but also the rising attorney fees and costs.

9. After the telephone conference, I noticed that my clients stopped cooperating with me, they refused to take my assistants and my associate's calls and ignored messages left on their voice mails. I even had my former assistant, Ms. Lopez, who presently lives in Texas contact them. Alas, to no avail.

10. While this was going on, Debtors' counsel pressed discovery in this matter. Originally, Debtors wanted to obtain documents substantiating my clients' claims and upon learning that my clients had been paid mostly in cash, Debtors' counsel wanted to depose my clients.

11. Again, I wanted to secure my clients' appearance at the depositions, but they did not contact my office. As a result, we had to reschedule their depositions on at least two occasions, including for April 24, 2017. Finally, Debtors' counsel subpoenaed me for my clients' addresses and served them with subpoenas to testify directly. Again, I received no response to my office's efforts to meet with my clients to prepare for depositions.

12. Finally, my associate agreed with Debtors' counsel that my clients would be deposed on or around June 11, 2017 but advised him yet again that we had difficulty contacting our clients.

13. In this regard, on May 25, 2017 I sent to my clients, via first class mail and certified mail, a letter confirming that I had not been able to contact them for a very long time,

and did not respond to my office's efforts to set up a teleconference with all of them to discuss matters, which led me to conclude that they no longer wished to be represented by me in the instant action. I advised them further that unless they contacted me by June 9, 2017 to tell me to continue representing them, I would file a motion in court to be relieved from representing them.

14. I advised Debtors' counsel in or around June 11, 2017 that I had not had contact with my clients and that I intended to withdraw from representing them. Unfortunately, I got detained with several major briefs, an appellate brief and an opposition to a motion for summary judgment.

15. In the meantime, Debtors' counsel filed a motion to expunge Creditors' claims and I sought an emergency relief from this Court on July 11, 2017.

16. I believe that my clients' lack of cooperation with me and, perhaps, a loss of zeal in pressing their claims is the fact that they have to pay for being represented in bankruptcy court on an hourly basis, as opposed to on a contingency fee basis. Maybe they will be able to find an attorney who could represent them on a contingency fee basis in this Court. Alas, I am unable to do so, since I already take huge risks when I bring wage and hour cases on a contingency fee basis.

17. My suspicion that the fee issue is the reason for my clients' lack of cooperation with me was strengthened by the fact that one of my clients contacted my office, while the other contacted my former law clerk, Ms. Lopez, after they had been served with Debtors' motion to expunge their claims.

18. I assure the Court that my clients have legitimate claims for unpaid wages and overtime. I have almost 25 years' experience in prosecuting wage and hour cases and, based on what my clients told me and the apparent lack of payroll documentation on behalf of Debtors,

under the wage and hour case law and statutes, my clients would have an easy time proving their claims.

19.    Unfortunately, some of my clients' belated contact is too late for me to be able to excuse their lack of cooperation for such a long time and there is no assurance that they will abide by the retainer agreement or that they will continue cooperating with me in the future. As a result, I have concluded that there has been an irretrievable breakdown of an attorney-client relationship, a breakdown that caused my firm to incur a lot of unpaid billable time on trying to contact them, corresponding with them and with Debtors' counsel, filing the emergency application on July 11, and filing the instant motion.

20.    It is axiomatic that courts regularly allow an attorney to withdraw when the client fails to communicate or to cooperate with him. Accordingly, I do ask that I should be allowed to withdraw from representing my clients for the reasons set forth above.

21.    However, as my clients are immigrants from Brazil, persons of limited means and circumstances and have legitimate claims against Debtors, claims that under the relevant precedent they will be able to prove, I respectfully request that this Court grant them sufficient time to find an attorney who might agree to represent them in this matter. So as to entice future representation, I am not seeking a charging lien.

22.    For the foregoing reasons, I respectfully request that this Court grant my application.

23.    I declare that the foregoing is true and am aware that if any of the foregoing is materially false, I may be subject to a penalty for perjury, including jail.

WHEREFORE, I request that this Court enter an order: (a) relieving me under D.N.J. LBR 9010-2(b) from representing Creditors: Marcio Ribeiro, Diego Batista-Santos, Giancarlo

Batista-Santos, Ivonaldo Brito-Andrade, and Claudio Ricardo Da Costa Menezes; (b) granting these Creditors reasonable time to find a new attorney and staying this matter in the meantime; and (c) providing such other and further relief as the Court deems just and proper.

Dated: New York, NY
       July 17, 2017

                                      Respectfully submitted,

                                      /s/ Robert Wisniewski
                                      Robert Wisniewski,

To:

| | |
|---|---|
| Marcio Ribeiro<br>34 East Edsall Blvd<br>Palisades Park, NJ 07650<br>*Creditor* | GianCarlo Batista-Santos<br>84 Pattison Street, Apt. 2R<br>Kearny, N.J. 07302<br>*Creditor* |
| Diego Batista-Santos<br>84 Pattison Street, Apt. 2R<br>Kearny, N.J. 07302<br>*Creditor* | Ivonaldo Brito-Andrade<br>84 Pattison Street, Apt. 1<br>Kearny, N.J. 07302<br>*Creditor* |
| Claudio Ricardo Da Costa Menezes<br>389 Delano Place, 1st Floor<br>Fairview, NJ 07022<br>*Creditor* | |

Bruce H. Levitt, Esq.
Levitt & Slafkes, P.C.
515 Valley Street, Suite 140
Maplewood, NJ 07040
*Counsel for Debtors*

John Sywilok
John W. Sywilok LLC
51 Main Street
Hackensack, NJ 07601
(201) 487-9390
*Trustee*